UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS M. ROLIFF, | ) | CASE NO. 5:22-cv-327 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF OPINION** |
| SECURITY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James E. Grimes, Jr. ("R&R") (Doc. No. 9) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed his objection (Doc. No. 10), and Defendant filed a response (Doc. No. 11). For the reasons that follow, the R&R is accepted, and the decision of the Commissioner is AFFIRMED.

I. **BACKGROUND**

On January 19, 2018, Plaintiff filed an application for Disability Insurance Benefits, alleging he became disabled on May 31, 2010, due to a "pudendal nerve entrapment in pelvic muscle area." (Doc. No. 5 at PageID# 211, 241.) The Social Security Administration ("SSA") later denied both his application and his motion for reconsideration. (*Id.* at PageID# 112, 133.) Plaintiff then timely requested an administrative hearing before an Administrative Law Judge ("ALJ"). (*Id.* at PageID# 163.) The hearing was held on November 13, 2020. (*See id.* at PageID# 55.) Both Plaintiff and a vocational expert testified. (*See id.* at PageID# 55-92.) On December 2, 2020, the ALJ determined that Plaintiff was not disabled and denied his claim. (*Id.* at PageID# 38-48.) On January 13, 2022, the Social Security Appeals Council denied further

review, rendering the ALJ's decision final. (*Id.* at PageID# 24-26.)

On February 28, 2022, Plaintiff commenced this action. (*See* Doc. No. 1.) On October 31, 2022, the R&R was filed. (Doc. No. 9.) On November 14, 2022, Plaintiff timely submitted an objection to the R&R, arguing that "[t]he R&R's finding that the ALJ did not err when she improperly evaluated Plaintiff's symptoms was factually and legally incorrect." (Doc. No. 10 at PageID# 988.)

## II. STANDARD OF REVIEW

A district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (flush language); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (flush language).

For present purposes, the Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). In making a disability determination, an ALJ engages in a five-step sequential evaluation:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled. To be severe, the claimant must have a severe medically determinable physical or mental impairment, or a combination of impairments, that must have lasted or be expected to last for at least 12 months, unless it is expected to result in death.

3. If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment in Appendix 1 to Subpart P of Part 404, the claimant is presumed disabled without further inquiry.

4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if the claimant's impairment prevents him from doing past relevant work. If the claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. If the claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520, 416.920; *see also Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 426 (6th Cir. 2018) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). During the first four steps, the claimant has the burden of proof. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.*

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal

citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The Commissioner's decision must be affirmed even if the claimant's position is also supported by substantial evidence. *Wallace v. Comm'r of Soc. Sec.*, 221 F.3d 1337 (Table), 2000 WL 799749, at *2 (6th Cir. 2000) (citing *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).

### III.   DISCUSSION

Plaintiff's objection to the R&R challenges the purported failure of the ALJ and Magistrate Judge to properly address the severity of Plaintiff's pudendal nerve entrapment and resulting limitations to physical activities. (Doc. No. 10 at PageID# 988.)[1] Plaintiff's objection is not well-taken.

An "ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Simmons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)). The key for the Court's review is whether the ALJ's decision was supported by substantial evidence. The R&R correctly concluded that it was.

---

[1] Plaintiff's assertion that the R&R did not address Plaintiff's pudendal nerve entrapment is not supported by the record. The R&R specifically referenced Plaintiff's "chronic pelvic pain and pudendal nerve entrapment" in its summary of Plaintiff's testimony before the ALJ. (Doc. No. 9 at PageID# 970-71, 975-76.)

**A. Record before the ALJ**

Roliff was employed as a photographer. (Doc. No. 5 at PageID# 64-65.) He lived alone and was able to drive himself. (*Id.* at PageID# 63, 72-73.) His perineal pain was reported to Daniel Shoskes, M.D., in May 2007, at which time Dr. Shoskes determined Plaintiff was experiencing pelvic muscle spasms. (*Id.* at PageID# 342-45.) A later seen physician concluded that Plaintiff's "groin pain [was] likely ligament or [abdominal] wall strain." (*Id.* at PageID# 353.) Plaintiff engaged in physical therapy where he reported lessening pain. (*Id.* at PageID# 370.)

Relevant x-rays taken in July 2010 were "unremarkable." (*Id.* at PageID# 329.) In September 2010, Plaintiff reported to medical professionals at the Center for Pain Management at Summa Western Reserve Hospital that the pain he was experiencing did not affect his daily physical activities. (*Id.* at PageID# 296.) All exam findings were normal. (*Id.* at PageID# 294.) It was at this time that Plaintiff was first assessed with chronic pelvic pain and pudendal nerve entrapment. (*Id.*)

Injection treatment to address this condition began a couple of months later, with mixed results. (*E.g.*, *id.* at PageID# 301.) The first injection reportedly made Plaintiff's pain worsen, while the second and third provided some relief. (*Id.* at PageID# 296-303.) In early 2011, Plaintiff advised that the nerve treatments were helping "a little." (*Id.* at PageID# 312.) This changed in July 2011, when Plaintiff reported that the pain was getting worse. (*Id.* at PageID# 310.) Nonetheless, by January 2012 Plaintiff reported to physicians that he remained able to perform his usual activities. (*Id.* at PageID# 433.)

Plaintiff then received a contrary assessment. Dr. Steven Shook, with Cleveland Clinic's Neurological Institute determined that there was "no evidence of pudendal neuropathy, although

neuralgia without neuropathy" was possible. (*Id.* at PageID# 396.) In 2015, another physician assessed chronic pain symptoms.[2] (*Id.* at PageID# 429.)

Fast forward to June 2020. Dr. Elizabeth Das, acting as a State Agency physician, reviewed Plaintiff's record and concluded that Plaintiff could stand, walk, and sit for 6 hours in an 8-hour workday and carry 20 pounds occasionally and 10 pounds frequently. (*Id.* at PageID# 119-20.) Another physician reviewed and adopted this medical opinion. (*Id.* at PageID# 140.)

### B. ALJ's Conclusion

Plaintiff testified as to his physical condition and pain. (*See id.* at PageID# 55-92.) He told the ALJ the following: his pudendal nerve entrapment causes constant pain; the physical pain leads to mental anguish, which in turn leads to additional physical pain; sitting causes pressure, while standing or lying down are less painful; and the treatments he has received, particularly nerve blocks, do not help. (*Id.* at PageID# 68-78.) In response to the ALJ's question about daily tasks such as getting ready in the morning, Plaintiff denied significant complications, save putting on shoes because he must bend down. (*Id.* at PageID# 73.)

The ALJ also inquired of Plaintiff's vocational expert. This witness concluded that Plaintiff could not perform all of his prior job duties, but could serve as an information clerk, router, and merchandise marker. (*Id.* at PageID# 82.)

The ALJ found, in pertinent part, that Plaintiff "had the following severe impairments: degenerative disc disease of the lumbar spine/chronic pelvic pain, major depressive disorder and anxiety disorder. (20 CFR 404.1520(c))." (*Id.* at PageID# 41.) The ALJ concluded, "after

---

[2] Plaintiff also sought mental health treatment during this time and was noted to experience panic attacks. (*E.g.*, Doc. No. 5 at PageID# 370.) He was later diagnosed with specific mental health conditions, although his pain behaviors were noted as "minimal." (*Id.* at PageID# 308, 389.) Nonetheless, Plaintiff's physical therapist concluded that Plaintiff's mental health concerns were interfering with treatment. (*Id.* at PageID# 392.)

careful consideration of the entire record," that Plaintiff had "the residual functional capacity to perform light work," and that a significant number of jobs existed that he could perform. (*Id.* at PageID# 42-43, 47.) Accordingly, the ALJ concluded that Plaintiff was not disabled. (*Id.* at PageID# 48.)

### C. The Magistrate Judge's Report and Recommendation

The R&R correctly noted that affirmance of a Commissioner's conclusion is mandatory unless it can be determined that an incorrect legal standard was applied, or findings of fact were not supported by substantial evidence. *See Walters*, 127 F.3d at 528. The R&R properly detailed and evaluated the ALJ's consideration of evidence and the challenge Plaintiff continues to make here, namely whether his pain and any resulting physical limitations were properly considered in evaluating Plaintiff's disability status. (Doc. No. 9 at PageID# 969-76.) After noting the proper standard to evaluate symptoms, the R&R detailed record evidence supporting the determination that the Commissioner had substantial evidence on which to conclude that Plaintiff was not disabled for purposes of 42 U.S.C. § 423. (*Id.* at PageID# 984-85.)

### D. *De Novo* Review

To Plaintiff's mind, an evaluation of the evidence leads to only one supportable conclusion: he is disabled. But as the ALJ heard and considered, and as the R&R reflected, there was substantial evidence that he was not. The Commissioner's decision must be affirmed even if substantial evidence also exists in the record to support Plaintiff's assertion. *Wallace*, 2000 WL 799749, at *2. Assuming Plaintiff's position is correct and there is substantial evidence of disability, if there is substantial evidence supporting the Commissioner's conclusion this Court must affirm. *Id.*

Plaintiff asserts that the R&R failed to discuss his "pudendal nerve entrapment." (Doc.

No. 10 at PageID# 988.) On *de novo* review, the question before this Court is whether it was considered by the ALJ and whether the ALJ's determination was sufficiently supported.

Here, the ALJ recognized Plaintiff's "chronic pelvic pain." (Doc. No. 5 at PageID# 41.) "Chronic pelvic pain" is a term consistent with "pudendal nerve entrapment." Plaintiff acknowledges as much in his citation to the National Library of Medicine, which states that "Pudendal neuralgia caused by pudendal nerve entrapment (PNE) is a chronic and often severely disabling neuropathic pain syndrome." *See* Jasmeen Kaur et al., *Pudendal Nerve Entrapment System* (Nov. 28, 2022), https://www.ncbi.nlm.nih.gov/books/NBK544272/. (Doc. No. 10 at PageID# 988.) That the ALJ did not use the same three words Plaintiff uses to describe his condition is not fatal to the ultimate conclusion that the ALJ did, in fact, consider Plaintiff's physical condition.

As for physical limitations and Plaintiff's residual functional capacity, Plaintiff's own testimony was consistent with the Commissioner's conclusion that he could perform "light work." Plaintiff lived alone and was able to operate a motor vehicle, albeit for only 45 minutes at a time. He exercised three times per week. When he worked, he took extra breaks, the most useful of which were ones where he could lay down. Plaintiff further testified that he laid down 2-3 times per day for 15 minutes each rest period. What work Plaintiff could perform changed as a result of his condition, but it did not limit him to such a degree that "light work" was an unsupportable conclusion. Plaintiff simply has not established that the ALJ's conclusion that he could engage in "light work" was unsupported by substantial evidence.

## IV. CONCLUSION

For those reasons, Plaintiff's objections are overruled, the R&R is accepted, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: March 7, 2023

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE